UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25- 61191-DIMITROULEAS/LETT

CRISTIE OTERO,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_______________________________________/

**ORDER APPROVING REPORT OF MAGISTRATE JUDGE**

THIS CAUSE is before the Court upon the Report and Recommendation of Magistrate Judge Enjolique A. Lett (the "Report") [DE 19], filed herein on August 10, 2026, Plaintiff Cristie Otero's Motion for Summary Judgment, [DE 15] and Defendant Frank Bisignano Commissioner of Social Security's Motion for Summary Judgment, [DE 17]. The Court has conducted a *de novo* review of the Report [DE 19] and has carefully considered Plaintiff's Objection to the Report and Recommendation of the Magistrate Judge [DE 20]. The Court is otherwise fully advised in the premises.

## I. BACKGROUND

Cristie Otero ("Plaintiff" or "Ms. Otero") appeals the Social Security Administration's denial of her claim for Title XVI Supplemental Security Income of the Social Security Act. Plaintiff filed her application on March 8, 2021, alleging a disability onset date of March 11, 2019. Her application was denied initially on July 14, 2021, and again upon reconsideration on December 9, 2021. Administrative Law Judge Laura Bernasconi (the "ALJ") held hearings on January 3, 2024, and May 14, 2024, during which Plaintiff, her attorneys, and an impartial vocational expert participated in the hearings. Following the hearings, the ALJ issued a decision

finding Plaintiff was not disabled. In particular, the ALJ held, *inter alia*, that "Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1," and "Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform." The ALJ thus concluded that "The claimant has not been under a disability, as defined in the Social Security Act, since March 8, 2021, the date the application was filed per 20 CFR 416.920(g)." Admin. R. at 18-28.

Following the denial of her appeal, Plaintiff initiated this litigation to seek judicial review of the ALJ's decision on June 12, 2025. [DE 1]. Plaintiff filed a Motion for Summary Judgment on December 10, 2025, [DE 15], wherein she argues that the ALJ erred by failing to properly evaluate the opinions of Lisa Daley, M.D. and Micheal Hearns, M.D. On January 8, 2026, Defendant filed his Motion for Summary Judgment, [DE 17], arguing the ALJ properly evaluated the medical opinion evidence and substantial evidence supports the ALJ's evaluation of that evidence. Plaintiff filed her Response in opposition to Defendant's Motion for Summary Judgment on January 22, 2026. [DE 18].

The Magistrate Judge's Report concluded that the ALJ's decision was supported by substantial evidence and that any error by the ALJ was harmless to Plaintiff. Accordingly, the Magistrate Judge recommends that Plaintiff Cristie Otero's Motion for Summary Judgment be denied, and that Defendant Frank Bisignano Commissioner of Social Security's Motion for Summary Judgment be granted. After reviewing the objections and the record, the Court agrees with the Magistrate Judge's analysis and conclusions.

## II. STANDARD OF REVIEW

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; *see also* 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Plaintiff's objections.

## III. DISCUSSION

Plaintiff points out that the Magistrate Judge found the ALJ erred in evaluating the opinion evidence. For Dr. Daley's opinion, the Magistrate Judge found the ALJ erred when she "did not sufficiently articulate to what extent she found that relevant medical evidence and supporting explanations indicated Dr. Daley's opinions should be considered persuasive under 20 C.F.R. § 416.920c(c)(2)." [DE 19] p. 22. For Dr. Hearns's opinion, the Magistrate Judge found the ALJ "erred by not articulating her evaluation of Dr. Hearn's April 9, 2020, opinion." [DE 19] p. 24. Plaintiff challenges the Magistrate Judge's conclusion that these errors were harmless and argues remand is required based upon a finding of these errors.

The Court disagrees. As the Magistrate Judge correctly explained, "[i]f an ALJ

incorrectly applies the Social Security Regulations, the decision will still stand if it results in harmless error. *Denomme v. Comm'r, Soc. Sec. Admin*., 518 F. App'x 875, 877 (11th Cir. 2013) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)). In the Magistrate Judge's estimation, "[t]he ALJ not articulating her consistency or supportability analysis of Dr. Daley's opinions does not change that the ALJ found the medical evidence reflects that Plaintiff's strength, range of motion, and other conditions improved over time to make her capable of performing light work with postural and environmental limitations." [DE 19] p. 26 (citations omitted). Moreover, the Magistrate Judge reasoned that, "[c]onsidering Dr. Hearns' opinion is substantially similar to the opinions on Plaintiff's lifting limitations from Dr. Daley that the ALJ did consider in her RFC, it's unlikely his opinion "impact[ed] the outcome of the ALJ's decision." *Dennis N. v. Bisignano*, No. 24-CV-828, 2025 U.S. Dist. LEXIS 154512, at *11 (M.D. Ala. July 22, 2025).

A court should affirm an ALJ's decision "if the decision was supported by substantial evidence . . . defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1281 (11th Cir. 2004) (internal quotations and citations omitted). The Court agrees with Magistrate Judge Enjoliqué A. Lett that substantial evidence is present to support the ALJ's conclusions, and that any error was harmless.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Enjoliqué A. Lett's Report and Recommendation [DE 19] is hereby **APPROVED**;
2. Plaintiff's Objection [DE 20] is hereby **OVERRULED**;

3. Plaintiff's Motion for Summary Judgment [DE 15] is hereby **DENIED**;

4. Defendant's Motion for Summary Judgment [DE 17] is hereby **GRANTED**;

5. The ALJ's decision is **AFFIRMED**; and

6. The Clerk shall **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of August, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Magistrate Judge Enjoliqué A. Lett
Counsel of record